**IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

**MARION ORR,**

        **Plaintiff,**

**v.**

                                            **Case No.:**

**SOUTHEASTERN GROCERS, INC.,**

        **Defendant.**

_____/

**SOUTHEASTERN GROCERS, INC.'S NOTICE OF REMOVAL
AND UNOPPOSED MOTION FOR TRANSFER OF VENUE**

Defendant SOUTHEASTERN GROCERS, INC. ("SEG" or "Defendant"), by and through its undersigned attorney, hereby gives notice that the civil action currently pending in the Circuit Court of the Fourteenth Judicial Circuit in and for Duval County, Florida, styled as *Marion Orr v. Southeastern Grocers. Inc.*, Case No. 21CA002566, is removed to this Court without waiving any rights to which Defendant may be entitled pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, and respectfully requests that the Court transfer this action to the United Stated District Court for the Middle District of Florida, Tampa Division, pursuant to 28 U.S.C. §1404(a) and states as follows:

1. Pursuant to 28 U.S.C. § 1446(a), copies of all record documents, including all orders, pleadings, and process which have to date been served upon SEG are attached as **Exhibit A**.

2. The Complaint in the above action was filed on May 5, 2021. SEG received service of the Summons and Complaint on May 7, 2021. In compliance with 28 U.S.C. § 1446(b), this Notice of Removal is timely filed within thirty (30) days of SEG's receipt of Plaintiff's service of the Summons and Complaint.

3. Plaintiff's Complaint alleges that Plaintiff was subjected to retaliation for engaging in protected activity in violation of 42 U.S.C. §§ 1981. SEG seeks removal under 28 U.S.C. § 1441

as the Complaint asserts claims involving federal questions for which this Court has original jurisdiction under 28 U.S.C. § 1331.

4. As of the date of this filing, SEG is the only defendant that has been served by Plaintiff.

5. Pursuant to 28 U.S.C. § 1446(d), concurrent with the filing of this Notice of Removal, SEG's Notice of Removal has been served upon Plaintiff's counsel, Kyle Lee, 1971 West Lumsden Road, Suite 203, Brandon, Florida 33511.

6. SEG contemporaneously moves this Court to Transfer Venue for Forum Non Conveniens to the Middle District of Florida, Tampa Division, pursuant to 28 U.S.C. § 1404(a).

7. Plaintiff's counsel does not oppose this Motion to Transfer Venue. The basis for the venue change to Tampa is that at all times during Plaintiff's employment with SEG, Plaintiff worked at SEG's store located in Tampa and all operative facts occurred at SEG's store. Osgood v. Disc. Auto Parts, LLC, 981 F. Supp. 2d 1259, 1265 (S.D. Fla. 2013) ("The locus of operative facts weighs heavily in favor of transfer because the accident occurred in the Middle District of Florida.").

8. Further, Plaintiff lives in Pasco County located within the jurisdiction of the Tampa Division and the majority of the key witnesses who will testify on the core issues of liability live and work in Tampa, Florida. Gonzalez v. Pirelli Tire, LLC, No. 07-80453-CIV, 2008 WL 516847, at *2 (S.D. Fla. Feb. 22, 2008) ("The convenience of both the party and non-party witnesses is probably considered the single most important factor in the analysis whether a transfer should be granted.").

9. A district court may, "[f]or convenience of the parties and witnesses [and] in the interest of justice … transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Transfer should occur when (i) venue is "proper in the district to which the case would be transferred," and (ii) "considerations of convenience and the interest of

justice . . . weigh in favor of transfer." <u>Trinity Christian Ctr. of Santa Ana, Inc. v. New Frontier Media, Inc.</u>, 761 F. Supp. 2d 1322, 1325 (M.D. Fla. 2010).

10. These key factors weigh heavily in favor of transfer to the Tampa Division and therefore transfer to the Middle District of Florida, Tampa Division, pursuant to section 1404(a) is the proper course here.

WHEREFORE, SEG requests this action currently pending in the County Court of the Fourteenth Judicial Circuit in and for Duval County, Florida be removed to the United States District Court for the Middle District of Florida, Jacksonville Division and be contemporaneously transferred to the United States District Court for the Middle District of Florida, Tampa Division.

Date: May 26, 2021.

Respectfully submitted,

**SHANKMAN LEONE, P.A.**
/s/*David S. Shankman*
David S. Shankman, Esq.
Florida Bar No. 0940186
E-Mail: dshankman@shankmanleone.com
Secondary E-mail: tpainter@shankmanleone.com
707 N. Franklin Street, 5th Floor
Tampa, Florida 33602
Telephone: (813) 223-1099
Facsimile: (813) 223-1055
*Attorneys for Southeastern Grocers, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 26th day of May, 2021, I filed a true and correct copy of the foregoing with the CM/ECF System and served, via electronic mail, a true and correct copy of the foregoing on the following:

Kyle J. Lee, Esq.
LEE LAW, PLLC
1971 West Lumsden Road, Suite 203
Brandon, Florida 33511
kyle@kyleleelaw.com
info@kyleleelaw.com

/s/ David S. Shankman
David S. Shankman, Esquire