### THE CIRCUIT CIVIL COURT FOR THE THIRTEENTH JUDICIAL CIRCUIT
### IN AND FOR HILLSBOROUGH COUNTY, FLORIDA
### CIVIL DIVISION

**MARION ORR,**

      PLAINTIFF,                         Case No.:  21-CV-00553-BJD-MCR

v.

**WINN-DIXIE STORES, INC.**

      DEFENDANT.

_____/

## AMENDED COMPLAINT

Plaintiff, by and through his undersigned counsel, hereby brings this action for damages against Defendant and alleges that Defendant retaliated against Plaintiff in violation of 42 U.S.C. 1981. Specifically, Plaintiff complained about racial discrimination and racial profiling in the workplace and Defendant retaliated against Plaintiff by substantially altering the terms and conditions of his employment in order to punish Plaintiff for making his good faith complaints about race discrimination. In further support of Plaintiff's allegations, Plaintiff states as follows:

### Parties

1. Plaintiff was employed by Defendant in the four years prior to this action.

2. Defendant is a for-profit, domestic corporation operating as a grocery chain.

3. Plaintiff worked as a laborer for Defendant from approximately 2004 until his constructive discharge December 9, 2019.

### Jurisdiction

4. Plaintiffs are domiciled in Pasco County, Florida.

5. Defendant is a corporation domiciled in Duval County, Florida.

Page **1** of **7**

6. Defendant conducts business and employed Plaintiff in Hillsborough County, Florida and the amount in controversy exceeds $63,207.31.

7. All material events occurred in Duval County, Florida.

8. This lawsuit has been filed in a timely manner.

9. All prerequisites have been satisfied.

10. Plaintiff is a black male and therefore a member of a protected class.

11. Defendant is subject to 42 U.S.C 1981.

12. Plaintiff is entitled by virtue of 42 U.S.C. 1981 to be protected from racial discrimination and is further entitled to be free from retaliation in the workplace for reporting to his employer Plaintiff's race-based discrimination related complaints.

## General Factual Allegations

13. Plaintiff was employed by Defendant as a store manager.

14. Defendant, by and through its executives and employees, habitually harassed Plaintiff on the basis of his race. Defendant subjected Plaintiff to disparate treatment on the basis of her race. Defendant continuously showed non-Black employees preferential treatment and Plaintiff was treated less favorably due to his race.

15. Plaintiff was employed by Defendant from approximately 2004 until his constructive discharge in December 2019.

16. In November 2018, while Plaintiff was employed by Defendant as a store manager, Defendant's Asset Protection Manager, Mary Springs (White) entered Plaintiff's store and announced that she was investigating theft in the store.

17. Ms. Springs immediately treated Plaintiff in a disparate treatment as compared to the other managers in Plaintiff's store. For instance, Ms. Springs refused to discuss the

investigation with Plaintiff but openly discussed the investigation with White managers in Plaintiff's store as well as with White managers in other stores.

18. Ms. Springs intimated that she believed Plaintiff was stealing from the store but did not intimate or accuse other White managers of theft, only Plaintiff.

19. In January 2019, Plaintiff made a good faith complaint to Defendant's human resources department stating that Ms. Springs discriminated against him because of Plaintiff's race. Plaintiff complained that Ms. Springs treated him in a disparate manner than other managers because of his race.

20. Within minutes of Plaintiff making his complaints to Defendant's human resources department, Ms. Springs confronted Plaintiff face-to-face in a hostile manner consumed with anger and threatened Plaintiff by saying "who do you think you are reporting me for race discrimination? I am good friends with the human resources representative and the district manager!"

21. Within a few weeks of Plaintiff's complaint to Defendant's human resources department and being confronted by Ms. Springs, Defendant has subjected Plaintiff to hyper scrutiny to punish Plaintiff for making his racial discrimination complaints.

22. Defendant began conducting numerous store walkthrough where Defendant evaluated Plaintiff's store. These walkthroughs only lasted several minutes prior to Plaintiff's complaints and Plaintiff regularly passed with ease.

23. After making his complaints, Defendant conducted long and arduous walkthroughs which often resulted in detailed list of issues that Plaintiff needed to correct. The walkthroughs following Plaintiff's complaint were conducted by Defendant's district manager; the individual Ms. Springs threated Plaintiff with.

24. Additionally, Defendant's district manager removed Plaintiff's authority in the store. As a store manager, Plaintiff had the authority to hire, approve transfers, and discipline employees.

25. However, after Plaintiff made his complaints, Defendant's district manager removed Plaintiff's authority to determine whether Plaintiff's employees were allowed to transfer stores.

26. Defendant also removed Plaintiff's to determine appropriate discipline for Plaintiff's employees. Specifically, Defendant's district manager terminated Plaintiff's employee after Plaintiff had previously disciplined the employee in a lesser capacity and closed the matter.

27. Finally, Defendant's district manager instructed Plaintiff's employees and managers not to follow the direction and authority of Plaintiff and instead to only follow instructions from the district manager.

28. On December 9, 2019, Plaintiff complained about the retaliation he experienced to Defendant's regional manager.

29. Plaintiff asked if he could be transferred to another store in Florida away from the retaliation from Defendant's district manager and Ms. Springs.

30. Defendant's regional manager informed Plaintiff that there were no store manager openings in Florida.

31. Because Plaintiff was being retaliated against by Ms. Springs and the district manager, which prevented Plaintiff from performing his job duties, Plaintiff resigned as from his position as the retaliation was going to continue indefinitely.

32. Plaintiff was damaged both financially and emotionally by Defendant's retaliatory actions towards Plaintiff.

## Count One
### Retaliation in violation of 42 U.S.C. 1981

33. Plaintiffs hereby incorporates and re-alleges 1-32, above.

34. Plaintiff is a black male and therefore a member of a protected class due to his race.

35. Plaintiff was employed by Defendant through December 9, 2019.

36. Defendant is engaged in interstate commerce by virtue or Defendant's business.

37. Plaintiff was subjected to racially disparate workplace environment repeatedly throughout the period of time in which Plaintiff worked for Defendant.

38. Defendant consistently and habitually treated Plaintiff in a less favorable manner than non-black employees in Defendant's workplace.

39. Defendant treated Plaintiff in a less favorable manner than non-Black employees because Plaintiff is a Black male.

40. Plaintiff was entitled to be treated in the same manner as non-Black employees and was entitled to receive the same terms, conditions, privileges, and benefits as the non-Black employees in Defendant's workplace.

41. 42 U.S.C. 1981, in pertinent part states "All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other, thereby prohibiting employers such as Defendant from subjecting Plaintiff to a racially hostile work place.

42. Plaintiff reported and objected to the racially disparate work place which Plaintiff was subjected while employed by Defendant.

43. In fact, Plaintiff complained and objected to Defendant's racially discriminatory treatment and behavior towards Plaintiff due to his race.

44. Plaintiff complaints were made directly to Defendant's human resources department.

45. Plaintiff's complaints were made in good faith and were protected activities.

46. In immediate and direct response to Plaintiff's complaints, Ms. Springs confronted Plaintiff and threatened Plaintiff.

47. Shortly after Ms. Springs confronted Plaintiff, Defendant retaliated against Plaintiff by materially altering the terms and conditions of his employment.

48. Under 42 U.S.C. 1981, Defendant was not permitted to retaliate against Plaintiff for his good faith complaints to Defendant.

49. Despite the provisions of 42 U.S.C. 1981, Defendant retaliated against Plaintiff with extreme prejudice in direct response to Plaintiff's good faith complaints about racial discrimination.

50. Defendant adversely altered the terms and conditions of Plaintiff's employment and constructively discharged Plaintiff employment because Plaintiff complained about racial discrimination.

51. If Plaintiff had not complained about racial discrimination, Defendant would not have materially altered the terms and conditions of his employment (removing his authority and directing his subordinates to disregard his instructions).

52. Defendant intentionally transformed Plaintiff into a lame duck manager and tied his hands preventing him from effectively running the store with the same level as control and authority as other managers.

53. Plaintiff complained to Defendant about the retaliation, however, there was no opportunity to transfer, and the retaliation would continue.

54. It was both subjectively and objectively reasonable for Plaintiff to resign from his position because he was actively being retaliated against for his good faith complaints and despite his reports to Defendant, the retaliation was to continue.

55. Plaintiff was damaged as a direct result of Defendant's retaliatory behavior.

## Jury Demand and Prayer for Relief

WHEREFORE, Plaintiff desires a trial by jury and judgment and all relief available under 42 U.S.C. 1981, including front pay, back pay, emotional distress, punitive, compensatory damages as well as reasonable attorney fees and costs and pre-judgment interest.

DATED this 9th day of August, 2021.

/S/ Kyle J. Lee
Kyle J. Lee, Esq.
FLBN: 105321
LEE LAW, PLLC
1971 West Lumsden Road, Suite 303
Brandon, Florida 33511
Telephone: (813) 343-2813
Kyle@KyleLeeLaw.com
Info@KyleLeeLaw.com

7